# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**ALIKA CRIPE,**

      **Plaintiff,**

v.                                                    **Case No:  6:18-cv-304-Orl-22DCI**

**ARPSIM, INC, VEERA BROS, INC,**
**NISHA VEERA and PARAG VEERA,**

      **Defendants.**

---

### REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:**     **JOINT MOTION FOR APPROVAL OF SETTLEMENT (Doc. 16)**
>
> **FILED:**       May 9, 2018
>
> ---
>
> **THEREON** it is **RECOMMENDED** that the motion be **GRANTED in part**.

### I.  BACKGROUND

On March 1, 2018, Plaintiff filed a Complaint against Defendants alleging causes of action for unpaid wages under the Fair Labor Standards Act (the FLSA) and the Florida Minimum Wage Act.  Doc. 1.  On May 9, 2018, the parties filed a joint motion to approve settlement (the Motion), to which the parties attached their proposed settlement agreement (the Agreement).  Docs. 16; 16-1.  The Agreement provides that Defendant will pay Plaintiff a total of $4,500.00: $250.00 in unpaid wages, $250.00 in liquidated damages, and $4,000.00 in attorney fees.  Docs. 16 at 3; 16-

1 at 4. The parties request that the Court review and approve the Agreement, dismiss the case with prejudice, and retain jurisdiction to enforce the terms of the settlement. Doc. 16 at 7.

## II. LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[1] *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982). The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims. *See id*. at 1353-55. In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.
- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[2]

---

[1] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[3] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

### III.  ANALYSIS

#### A. Settlement Amount.

The parties were represented by experienced counsel in this litigation, which involved disputed issues of liability under the FLSA. *See* Docs. 1; 16. In their Motion, the parties represented the following: Plaintiff alleged that he was owed approximately $900.00 in unpaid wages; Defendants reviewed their wage and hour records and concluded that Plaintiff was, at most, owed $49.69 in unpaid wages; the parties' counsel discussed Plaintiff's allegations and exchanged information; the parties' counsel exchanged multiple telephone conversations and emails in an attempt to resolve this matter; as result of the exchange of information and counsel's multiple communications, Plaintiff agrees that the Agreement provides him with full compensation for all of his claimed wage and hours damages; the parties considered the risks and costs of litigation

---

[3] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

when reaching their Agreement; and the parties' counsel view the Agreement as a good outcome for the parties. Doc. 16.

Based upon the foregoing, the undersigned finds that $500.00 is a fair and reasonable settlement amount in this case.[4] Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

### B. The Terms of the Agreement.

Upon review of the Agreement, the undersigned finds that the terms of the Agreement do not affect the overall reasonableness of the settlement. The Agreement does not contain a general release, confidentiality provision, non-disparagement clause, or other potentially problematic contractual provision sometimes found in proposed FLSA settlement agreements. Accordingly, it is **RECOMMENDED** that the Court find that the terms of the Agreement do not affect the reasonableness of the settlement.

### C. Attorney Fees and Costs.

Pursuant to the Agreement, Plaintiff's counsel will receive a total of $4,000.00 as attorney fees and costs. Docs. 16 at 3; 16-1 at 4. The parties implicitly represented that the attorney fees and costs were negotiated separately and without regard to the amounts paid to Plaintiff, and further represented that Plaintiff did not compromise his wage claims and received full compensation. Docs. 16 at 2-4, 6. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representations, considered together, adequately establish that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is

---

[4] This figure does not include the amount Defendants will pay to Plaintiff in attorney fees and costs, which is discussed *infra* at Section III.C.

**RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### D. Request to Retain Jurisdiction.

The parties baldly request that the Court retain jurisdiction to enforce the terms of the Agreement. Doc. 16 at 1, 7. The parties provided no argument and cited no authority in support of this request. *See* Doc. 16. Courts in this District routinely deny requests to retain jurisdiction to enforce the terms of an FLSA settlement agreement. *See, e.g.*, *Correa v. Goldblatt*, Case No. 6:10-cv-1656-Orl-28DAB, 2011 WL 4596224, at *3 (M.D. Fla. Sept. 9, 2011) *report and recommendation adopted*, 2011 WL 4704196 (M.D. Fla. Oct. 4, 2011); *Smither v. Dolphin Pools of SW Fla., Inc.*, Case No. 2:11-cv-65-FtM-29DNF, 2011 WL 2565494, at *2 (M.D. Fla. June 9, 2011) *report and recommendation adopted*, 2011 WL 2580459 (M.D. Fla. June 29, 2011). Given the absence of any compelling reasons to retain jurisdiction over this case, it is **RECOMMENDED** that the Court deny the parties' request to retain jurisdiction to enforce the terms of the Agreement.

### IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 16) be **GRANTED in part** as follows:

1. The Agreement (Doc. 16-1) be found to be a fair and reasonable settlement of Plaintiff's FLSA claims;
2. The case be **DISMISSED with prejudice**;
3. The Clerk be directed to close the case; and
4. The Motion (Doc. 16) otherwise be **DENIED**.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on June 6, 2018.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy